**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ERNEST MONTGOMERY, | ) | No.  EDCV 09-8641-CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of supplemental security income ("SSI") benefits. The court finds this matter should be reversed and remanded for further administrative proceedings consistent with this decision and order.

**I.  BACKGROUND**

Plaintiff Ernest Montgomery was born on March 30, 1953, and was 57-years old at the time of the decision in this matter. [Administrative Record ("AR") 11, 97.] He has a high school education [AR 144] and past relevant work experience as a janitor. [AR 10, 98.]

1  Plaintiff alleges disability on the basis of a shoulder injury
2  and bone chips. [AR 97.]

### II. PROCEEDINGS

Relevant to this matter, Plaintiff applied for supplemental security income ("SSI") benefits on May 5, 2006, alleging disability since June 15, 2005. [AR 33, 97.] After his application was denied initially and upon reconsideration, he requested a hearing. In 2006 he appeared, with a prior attorney, and testified before an Administrative Law Judge ("ALJ"). [AR 140-60.] The ALJ also received the testimony of a vocational expert ("VE"). [AR 160-71.] On October 11, 2007, the ALJ issued an unfavorable decision, finding Plaintiff not to be disabled at step five of the sequential evaluation. [AR 33-40.] When that decision became final, Petitioner appealed to this court in this case number. Because the administrative record was lost at some point after the first hearing decision was issued, the parties stipulated to a remand to reconstruct the record. [AR 73-75.]

On remand, Plaintiff appeared and testified at a second hearing before a different ALJ, represented by his current attorney. [AR 176-97.] The ALJ again received VE testimony. [AR 197-201.] On June 16, 2010, the ALJ issued a written decision finding plaintiff not disabled and denying benefits. [AR 7-11.] When the Appeals' Council denied review, the ALJ's decision became the Commissioner's final decision.

Plaintiff lodged the complaint in this matter on November 23, 2009. On June 23, 2011, Defendant filed an answer and the certified administrative record. On November 9, 2011, the parties filed a Joint Stipulation ("JS"). This matter has been taken under submission without oral argument.

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

Substantial evidence is "more than a scintilla," but "less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. If the evidence reasonably supports either affirming or reversing, the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### IV. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for SSI benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from

engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. §§ 404.1520, 416.920.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a *prima facie* case of disability is made, and the burden shifts to the Commissioner (at step five) to

4

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520, 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

In the decision at issue here, the ALJ found Plaintiff had not engaged in substantial gainful activity since his application date (step one); that he has the "severe" impairment of a frozen right shoulder (step two); and that he does not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 9.] Plaintiff was found to have the RFC to: "[P]erform light work as defined in 20 C.F.R. 416.967(b) except that he can use the right upper extremity only to assist the left upper extremity; cannot crawl or climb ropes or ladders; and cannot reach overhead with his right upper extremity." [AR 9.] The ALJ found Plaintiff remains able to perform his past relevant work as a janitor, as that job was actually performed (step four). [AR 10.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 10.]

### C. ISSUES IN DISPUTE

The parties dispute whether the ALJ properly:

1. Held that Plaintiff can perform his past relevant work as a janitor;

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

2. Considered the demands of Plaintiff's past relevant work; and

3. Considered Plaintiff's testimony and made proper credibility findings.

(JS 3.)  The second issue compels reversal.

**D. ISSUES ONE AND TWO: PAST RELEVANT WORK**

The crux of the first two issues is whether the ALJ erred at step four in concluding Plaintiff retains the RFC to return to his past relevant work as a janitor.

In issue one, Plaintiff urges that reversal is required because the Dictionary of Occupational Titles ("DICOT") description of the janitor position requires an RFC that exceeds Plaintiff's abilities. Defendant effectively concedes that this is the case, in that the DICOT defines the job of janitor as requiring the RFC for "medium" level work, see DICOT 382.664-010, 1991 WL 673265 (G.P.O.), whereas Plaintiff retains the ability to perform only a limited range of "light" level work.

Nonetheless, a plaintiff must be able to perform his past relevant work *only* either as generally performed (i.e., as defined in the DICOT), or as he actually performed it.  Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  Here, the VE testified, and the ALJ found, that Plaintiff performed the janitor job at the light exertional level and that, as performed, it thus was appropriate for someone with Plaintiff's RFC.  [AR 10, 97.]  This finding is not in itself insufficient to warrant a finding of non-disability at step four.  See id. ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed").

1    The parties' dispute, however, actually hinges on what has been
2 framed as issue two: whether the ALJ properly assessed the
3 requirements of Plaintiff's past janitor job as he actually performed
4 it.  This aspect of the hearing decision is materially in error.
5    At step four of the sequential evaluation, the ALJ is obligated
6 to make specific findings as to the plaintiff's RFC, the "physical and
7 mental demands" of the plaintiff's prior work, and the relation of the
8 RFC to that past work.  Pinto v. Massanari, 249 F.3d at 845 (citing
9 Social Security Rulings 82-61 and 82-62).  Here, the ALJ made no
10 findings with respect to the physical demands of Plaintiff's past
11 work, and did not make any findings with respect to the relation of
12 Plaintiff's RFC to that past work. [See AR 11.] The VE's testimony in
13 this regard is equally vague.  It does not, for example, specify what
14 the VE deemed to be the demands of Plaintiff's past work as performed
15 – beyond the broad conclusion that Plaintiff worked at the "light" and
16 not the "medium" level – nor does it address how those work
17 requirements related to Plaintiff's RFC. [See AR 196-97.]  The
18 decision is thus insufficient in terms of the step four analysis, and
19 in that it does not permit this court to "determine the basis for the
20 decision and whether substantial evidence supports the Commissioner's
21 decision."  See Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir.
22 1981).
23    Accordingly, reversal is appropriate with respect to the second
24 issue raised in the joint stipulation.
25    **E.   REMAND FOR FURTHER PROCEEDINGS**
26    The decision whether to remand for further proceedings is within
27 the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,
28 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, a remand for further proceedings is appropriate. Id.

Here, though the VE testimony suggests there are likely significant numbers of jobs that Plaintiff could perform in the national and regional economies [see AR 197-99], the ALJ did not make legally sufficient step four findings or any step five findings. Particularly, he did not inquire or make findings with respect to whether the VE's testimony in this regard diverged from the DICOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)(an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DICOT). Thus, outstanding issues remain before a determination can be made, and remand for further administrative proceedings at steps four and five are appropriate. See e.g., Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability). The third issue raised in the parties' joint stipulation, relating to Plaintiff's credibility, does not necessitate further administrative proceedings or impact the need for such a remand.

**V. ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with instructions set forth in the body of the decision.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: January 3, 2012

_____
CARLA M. WOEHRLE
United States Magistrate Judge